UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZA CORP., *et al.*, | ) | Case No.: 1:21 CV 204 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MVGMM, INC., *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court is Erie Insurance Exchange's ("Erie") Motion to Intervene ("Motion") pursuant to Rule 24(a), or alternatively Rule 24(b), of the Federal Rules of Civil Procedure. (ECF No. 14.)  For the following reasons, the court grants Erie's Motion to Intervene pursuant to Rule 24(b) and denies Erie's Motion to Intervene as of right pursuant to Rule 24(a).

## I.  BACKGROUND

This case centers on Defendants MVGMM, Inc. ("MVGMM"), Mark Gaspar, and Valerie Gaspar's (collectively, "Defendants") alleged unauthorized use of Plaintiff Za Corp. and Spiccia Inc.'s trademark rights in the word  "PIZZAZZ."[1] as it relates to their use of the word "PIZZAZZ" in connection with pizzeria and related restaurant services. On January 25, 2021, Plaintiffs filed this action against Defendants, asserting claims of trademark infringement, unfair competition, deceptive

---

[1]     According to the Complaint, Plaintiffs own trademark rights in the word "PIZZAZZ" when used in connection with pizzeria and related restaurant services. (Compl. ¶ 1, ECF No. 1.)

trade practices, and breach of contract arising from Defendants' alleged unauthorized use of the word "PIZZAZZ." (Compl. ¶¶ 38–70.) Erie is providing Defendants with a defense against Plaintiffs' claims, but has reserved its right to file a declaratory action to determine if Erie is obligated to provide coverage. (Erie's Mem. in Supp. at PageID #158, ECF No. 14-1.) To that end, on March 24, 2021, Erie filed a Motion to Intervene (ECF No. 14) pursuant to Federal Rule of Civil Procedure Rule 24(a), or alternatively Rule 24(b), arguing that Erie is entitled to intervene in this lawsuit so that it can litigate the issue of whether insurance coverage exists for the claims against Defendants. (*Id*. at PageID #157–158.) On March 29, 2021, Defendants filed an Opposition to the Motion (ECF No. 15) to which Erie replied on March 30, 2021 (ECF No. 16).

## II. LAW AND ANALYSIS

**A.    Intervention as of Right Pursuant to Fed. R. Civ. P. 24(a)**

Rule 24(a) entitles certain applicants to intervene in a lawsuit as of right. The Rule requires courts to allow a party to intervene if the party makes a timely motion and (1) a federal statute gives the party an unconditional right to intervene, or (2) the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). There is no federal statute authorizing Erie to intervene as of right under Rule 24(a)(1). Accordingly, Erie's asserted right must arise, if at all, under Rule 24(a)(2).

The Sixth Circuit requires a movant to satisfy four elements to establish a right to intervene under Rule 24(a): (1) the motion to intervene was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect that interest may be

impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the movant's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). A failure to meet any one of the four factors "will require that the motion be denied." *Id.* at 780 (quoting *Grubbs v. Norris,* 870 F.2d 343, 345 (6th Cir. 1989)).

### 1. Timeliness

As a threshold matter, a potential intervenor must make a timely motion to intervene. The Sixth Circuit has identified five factors that are relevant to determining timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir.1990)). When conducting this analysis, "[n]o one factor is dispositive, and whether a motion is timely must be considered 'in the context of all relevant circumstances.'" *Howe v. City of Akron*, No. 06-CV-2779, 2015 WL 8180510, at *4 (N.D. Ohio Dec. 7, 2015) (quoting *Jansen*, 904 F.2d at 340).

Based on the relevant factors and context, the court finds that Erie's Motion is timely. Erie filed its Motion within two months of the date that Plaintiff commenced this action. At the time Erie sought to intervene, no discovery or motion practice had occurred and the case management conference was not yet scheduled. Thus, the first factor weighs in favor of intervention as of right.

### 2. Substantial Legal Interest

Determining substantiality "is necessarily a fact-intensive inquiry;" there is no clearly

established definition of what interests justify intervention under Rule 24(a). *Howe,* 2015 WL 8180510, at \*3 (quoting *Energy Coal Res., Inc. v. Paonia Res. LLC*, No. 08-CV-117, 2008 WL 5397179, at \*2 (E.D. Ky. Dec. 24, 2008)). While the Sixth Circuit "'has opted for a rather expansive notion of the interest sufficient to invoke intervention of right,' . . . this does not mean that any articulated interest will do." *Granholm*, 501 F.3d at 780 (quoting *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)). Rather, to warrant intervention under Rule 24(a), a potential intervenor "'must have a direct and substantial interest in the litigation,' such that it is a 'real party in interest in the transaction which is the subject of the proceeding.'" *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 371–72 (6th Cir. 2014) (quoting *Grubbs*, 870 F.2d at 346).

Here, the court finds that Erie's undisputed interest in the outcome of this case is sufficient to constitute a direct and substantial legal interest in the case. Although Erie's potential interest in indemnifying Defendants is contingent inasmuch as Erie's obligation to indemnify Defendants is conditioned on both Plaintiffs' success in this case and Erie losing the coverage dispute, "most courts have found that a contested duty to defend is a substantial interest for intervention purposes." *See Microsoft Corp. v. World Tech Invs. LLC*, No. 1:18-CV-2915, 2019 WL 2314482, at \*2 (N.D. Ohio May 31, 2019) (citing *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1194 (D. N. M. 1999) (collecting cases). Taken together,  Erie's assertion that discovery may prove that Erie does not have to provide a defense in this case combined with the fact that Defendants do not challenge Erie's legal interest, suggests that Erie's interest in proving that it does not owe a duty to defend to the Defendants in this case constitutes a direct and substantial legal interest. Accordingly, the second factor also weighs in favor of intervention as of right.

3. Ability to Protect Interest

-4-

Turning to the third factor, Erie argues that *Howell v. Richardson*, 544 N.E.2d 878 (Ohio 1989) for the proposition that "an insurer must intervene or else be estopped from relitigating issues critical to coverage." (Erie's Mem. in Supp. at PageID #163, ECF No. 14-1.)  In *Howell*, the Ohio Supreme Court held that, if an insurer declines to participate in a lawsuit determining its insured's liability, collateral estoppel precludes the insurer from relitigating liability in a subsequent lawsuit to determine insurance coverage. *Howell*, 544 N.E.2d at 880–881. However, the Ohio Supreme Court later clarified the scope of *Howell*, explaining that, "[w]hen a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519, 523 (Ohio 2007); *see also Microsoft Corp.*, 2019 WL 2314482, at *2 (explaining that an insurer avoids preclusion by filing a motion to intervene). Thus, by virtue of its attempt to intervene in this case, Erie has already protected its interests. Consequently, the court finds that the third factor weighs against intervention as of right.

### 4. Interest Protected by Parties

With respect to the fourth factor, Erie asserts that its interest is not adequately protected because (1) the existing parties have an interest in triggering coverage for the claims and any verdict against Defendants, and (2) the existing parties do not have an incentive to litigate the issues relative to the coverage dispute. (Erie's Mem. in Supp. at PageID #165, ECF No. 14-1.) Erie's argument lacks merit because there is nothing in the record from which the court could infer that the parties do not intend to fully litigate the issue of liability. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-CV-755, 2020 WL 1853216, at *3 (S.D. Ohio Apr. 13, 2020) (rejecting a similar argument after finding that both "[parties] here have a strong interest in litigating the issue of defendants' liability"); *see also Microsoft Corp.*, 2019 WL 2314482, at *3 (same). Consequently, the court finds

that the fourth factor also weighs against intervention as of right. Since both the third and fourth

factors weigh against intervention as of right, the court denies Erie's Motion to Intervene (ECF No.

14) as of right pursuant to Rule 24(a).

**B.      Permissive Intervention Pursuant to Fed. R. Civ. P. 24(b)**

Having determined that intervention as of right is not appropriate in this case, the court turns

now to Erie's request for permissive intervention pursuant to Rule 24(b). Rule 24(b) governs

permissive intervention and provides, in relevant part, that, "[o]n timely motion, the court may

permit anyone to intervene who . . . has a claim or defense that shares with the main action a

common question of law or fact." Fed. R. Civ. P. 24(b). To intervene under this rule, "a proposed

intervenor must establish that the motion for intervention is timely and alleges at least one common

question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If a proposed

intervenor establishes these two requirements, the court "must then balance undue delay and

prejudice to the original parties, if any, and any other relevant factors to determine whether, in the

court's discretion, intervention should be allowed." *Id.*

Here, there are common questions of fact because as Erie points out, Erie's coverage claim

is "premised on the underlying claims against Defendants and the relevant facts adduced in

discovery." (Erie's Mem. in Supp. at PageID #165, ECF No. 14-1.) Instead of challenging whether

there are common questions of fact, Defendants argue that the court should not allow Erie to

intervene because a conflict of interest exists. (Opp'n at PageID #1666, ECF No. 15.) In so arguing,

Defendants maintain that "Erie's interests should be aligned with the Defendants" but Defendants

offer no facts to establish that a conflict of interest exists (*Id*. at PageID #1667.) To the contrary, as

Erie points out, Erie has appointed independent counsel to defend the Defendants against Plaintiffs'

-6-

claims on their merits, and Erie's counsel as it relates to the coverage dispute is not involved in the defense against Plaintiffs' claims. (Reply at PageID #1672, ECF No. 16.) Thus, on balance, because Erie timely sought to intervene in this lawsuit and given Rule 24's broad construction in favor of potential intervenors coupled with the lack of prejudice to Defendants, the court grants Erie's Motion to Intervene (ECF No. 14) pursuant to Rule 24 (b).

### III.  CONCLUSION

For the foregoing reasons, the court grants Erie's Motion to Intervene pursuant to Rule 24(b) (ECF No. 14) and denies Erie's Motion to Intervene as of right pursuant to Rule 24(a).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 21, 2021